UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**CLOVIS L. PRINCE,**

   Petitioner,

v.  No. 4:24-cv-0742-P

**WARDEN, FMC FORT WORTH**

   Respondent.

## OPINION AND ORDER

Petitioner, Clovis L. Prince, a federal prisoner, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, asking the Court to order the Federal Bureau of Prisons ("BOP") to provide reasons for denying his request for home confinement, to respond to his Freedom of Information Act request regarding the reasons for denial of his request for home confinement, and to disclose administrative remedy logs for the years 2020 through 2024. He also requests that he be allowed to amend his petition after receiving the requested information. The Court, having considered the petition, the amended response, the reply, the record, and applicable authorities, concludes that the petition must be **DENIED**.

The Coronavirus Aid, Relief, and Economic Security Act was signed into law on March 27, 2020, in response to the COVID-19 pandemic to allow vulnerable individuals to serve their sentences in home confinement earlier and for longer periods. The BOP established guidance for implementing the Act, including the requirement that the inmate's primary or prior offense not be violent. Petitioner submitted a request for home confinement under the CARES Act. BOP staff advised Petitioner that he met all of the criteria for home confinement placement, but his request was denied. Though he repeatedly tried to find out why his request had been denied, through the prison grievance system and through the Freedom of Information Act, he was not able to get an answer. Thus, he filed this petition.

As the records filed by Respondent now make clear, Petitioner's request was denied due to his history of violence.

The BOP retains exclusive authority to designate the place of confinement of federal inmates. 18 U.S.C. § 3621(b); *Ledesma v. United States*, 445 F.2d 1323, 1324 (5th Cir. 1971). This includes placement of inmates in home confinement. *United States v. Cruz*, 455 F. Supp. 3d 154, 159 (M.D. Pa. 2020). Federal courts do not have power to grant relief under the CARES Act. *See, e.g., Armstrong v. Carvajal*, No. 3:21-CV-01602, 2022 WL 21755919, at *3 (M.D. Pa. Mar. 15, 2022) (collecting cases), *rep. & recommendation adopted*, 2022 WL 21755920 (M.D. Pa. Mar. 30, 2022); *Marino v. Howard*, No. 3:20-1501, 2021 WL 4341113, at *4 (M.D. Pa. Sept. 23, 2021).

As the Fifth Circuit has noted, an inmate does not have a constitutional right to be housed in a particular place or any constitutional right to early release. *Cheek v. Warden*, 835 F. App'x 737, 740 (5th Cir. 2020). "It is not for a court to step in and mandate home confinement for prisoners, regardless of an international pandemic." *Id.* Although a court might review a determination of home confinement placement, *id.*, the petition did not contest the denial of home confinement. Rather, Petitioner simply wanted to learn the reason for the decision. ECF No. 1 at 7.

Inasmuch as Petitioner now has the reason for the denial, the petition is moot. Moreover, the Freedom of Information Act claim is not cognizable under § 2241, which exists "solely to 'grant relief from unlawful imprisonment or custody and cannot be used properly for any other purpose'". *Barbosa v. Barr*, 502 F. Supp. 3d 1115, 1120 (N.D. Tex. 2020) (quoting *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976)).

Finally, the Court notes that Petitioner's reply does raise the issue of the propriety of the denial of release to home confinement. As the Court instructed, it will not consider new issues raised in a reply. ECF No. 8. Even had the issue been raised originally, the Court is not persuaded that the BOP abused its discretion in denying Petitioner's release to home confinement. The presentence report in the underlying criminal

2

case reflects that Petitioner had verifiable convictions for crimes of violence. ECF No. 16 at App. 044, 045, 063. Petitioner has not shown that his case manager's conclusion to the contrary, ECF No. 4 at 2–3, is binding on the BOP or the Court. Petitioner did not raise any issue regarding the accuracy of the presentence report on appeal, *United States v. Prince*, 547 F. App'x 587 (5th Cir. 2013), and he has not shown that it can be raised collaterally at this point.

**SO ORDERED** on this **2nd day of January 2025.**

_____
MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE